**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SYLVIA DENISE JAMES, | ) | CASE NO. 1:25-cv-468 |
| | ) | |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the joint stipulation of the parties for an award to plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, of $7,345.21 in attorneys' fees. (Doc. No. 19 (Joint Stipulation for Award of EAJA Fees).) For the reasons set forth herein, the joint stipulation is **APPROVED**.

I.      **BACKGROUND**

On March 7, 2025, plaintiff Sylvia Denise James ("James") filed this action seeking judicial review of defendant Commissioner of Social Security's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB"). (Doc. No 1 (Complaint), at 1.)[1]

On January 26, 2026, the magistrate judge issued her report and recommendation ("R&R") that the final decision of the Commissioner be vacated and remanded pursuant to 42 U.S.C. § 405(g) sentence four. (Doc. No. 16, at 1 (R&R).) No party filed written objections to the magistrate

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

judge's R&R within the fourteen-day period. Subsequently, the Court adopted the magistrate judge's R&R and remanded the case to allow the administrative law judge to "consider the entire record; accurately discuss the evidence; clearly articulate the rationale for her Step Two and Four findings with regard to plaintiff's mental impairments; and ensure that her stated rationale builds an accurate and logical bridge between the evidence and the result." (Doc. No. 17 (Order), at 2.)

On June 11, 2026, the parties jointly stipulated and petitioned the Court to enter an order awarding attorneys' fees in the amount of $7,345.21 under the EAJA, 28 U.S.C. § 2412. (Doc. No. 19.) The Court directed James to supplement the stipulation so the Court could examine the stipulation for reasonableness. (Order [non-document], 06/15/2026.) On June 16, 2026, James filed a supplement in support of the parties' stipulation for EAJA fees. (Doc. No. 20 (Supplement).)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorneys' fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004). There is no dispute here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-cv-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'"), *report and recommendation adopted*, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015).

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. *See* 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorneys' fees

award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justify a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted at the Court's request in support of the joint stipulation shows that a total of 33.9 hours[2] of legal services were performed in 2025, including the typical legal services of preparing the complaint, reviewing the administrative transcript, drafting plaintiff's brief on the merits, and reviewing court orders. (Doc. No. 20-2 (Time Entries).) The Court finds both the amount and the nature of these legal services to be reasonable.

Plaintiff's counsel indicates paralegal billing rates of $125.00 per hour. (Doc. No. 20, at 2.) Plaintiff's counsel also indicates an attorney billing rate of $245.91 per hour (*id.*), which is an upward departure from the $125.00 statutory cap set by Congress in March 1996. It is common, although not required, to adjust the statutory hourly rate to account for cost-of-living increases since 1996, the time when that rate was last capped. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 n.4, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("A higher fee may be awarded if 'the court determines that an increase in the cost of living . . . justifies a higher fee." (quoting 28 U.S.C. § 2412(d)(2)(A)(ii))); *see also Hutchinson v. Colvin*, No. 1:15-cv-1144, 2016 WL 6777804, at *2 (N.D. Ohio Nov. 16, 2016) (examining the appropriateness of a cost-of-living increase).

The measure of inflation in this geographic region is the Midwest Urban Consumer Price Index ("CPI-U"), which is available on the website of the Bureau of Labor Statistics (http://www.bls.gov). *Crenshaw v. Comm'r of Soc. Sec.*, No. 1:13-cv-1845, 2014 WL 4388154, at

---

[2] Of this figure, 28.9 represent hours billed by attorneys and 5 represent hours billed by paralegals. (Doc. No. 20, at 2.)

*3 (N.D. Ohio Sept. 5, 2014) (collecting cases). In light of the information available for the period of time in which counsel provided services in this case, the Court finds that the $7,345.21 stipulated award is both reasonable and adequately reflective of "the prevailing market rates for the kind and quality of services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

As the parties recognize in their stipulation, any amount paid belongs to plaintiff. As further recognized in the stipulation, this award will be in full and complete satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing debt owed by plaintiff to the United States. *See Astrue v. Ratliff,* 560 U.S. 586, 588, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine whether plaintiff owes any pre-existing debt to the United States. If plaintiff owes a pre-existing debt to the United States, defendant shall direct that the award of $7,345.21 in attorneys' fees, less any setoff, be made payable to plaintiff's attorney and be mailed to the attorney's business address. If there is no setoff, then the full award shall be remitted.

## III.    CONCLUSION

For the reasons set forth herein, the Court **APPROVES** the parties' joint stipulation for an award to plaintiff pursuant to 28 U.S.C. § 2412 in the amount of $7,345.21 in attorneys' fees (Doc. No. 19), and this amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: July 10, 2026

_____
**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**